## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                          No. CR  05-920 JB

SARA DIEGA DELGADO and
LEOBARDO MORALES-RAMIREZ,
a/k/a Leon Ramiro, a/k/a Lencho,
a/k/a Ramiro Leon, a/k/a Andres Cruz-Barajas,
a/k/a Andres Tavares-Cruz,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Andres Cruz-Barajas'[1] Motion in Limine to Exclude Evidence of Defendant's Potential Illegal Immigration Status, filed December 6, 2005 (Doc. 81). The primary issue is whether the Court should exclude, under rules 402 and 403 of the Federal Rules of Evidence, any mention of Defendant Andres Cruz-Barajas' potential illegal immigration status. Because the United States represents that it does not intend to present evidence of Cruz-Barajas' illegal immigration status in its case-in-chief, and because the Court does not think

---

[1] The Defendant's name is captioned in the Redacted Superceding Indictment as Leobardo Morales-Ramirez, a/k/a Leon Ramiro, a/k/a Lencho, a/k/a Ramiro Leon, a/k/a Andres Cruz-Barajas, a/k/a Andres Tavares-Cruz. See Redacted Superceding Indictment at 1-2, filed July 12, 2005 (Doc. 31). The Court referred to the Defendant in a previous order as Leobardo Morales-Ramirez. See Order denying the Defendant Leobardo Morales-Ramirez' Motion for Appointment of New Counsel at 1-2, filed January 13, 2006 (Doc. 91). The Defendant, however, refers to himself as Andres Cruz-Barajas. See Defendant's Witness List at 1, filed January 26, 2006 (Doc. 95); Motion in Limine to Exclude Evidence of Defendant's Potential Illegal Immigration Status at 1-3, filed December 6, 2005 (Doc. 81); Motion in Limine to Exclude Use of Aliases Attributed to Defendant at 1, 3-4, filed December 6, 2005 (Doc. 82). Because the Defendant prefers to refer to himself as Andres Cruz-Barajas, the Court will refer to him as such.

the evidence has much probative value, the Court will grant the motion and, if the issue becomes relevant at a later time, the United States should approach the bench before attempting to introduce evidence of his immigration status.

## PROCEDURAL BACKGROUND

On July 12, 2005 a two-count Redacted Superseding Indictment was filed charging Cruz-Barajas with violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Over One (1) Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(A), Possession with the Intent to Distribute Over One (1) Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, and 18 U.S.C. § 2, Aiding and Abetting. See Redacted Superseding Indictment at 1-2.  Cruz-Barajas moves the Court, pursuant to rule 403 of the Federal Rules of Evidence, for its Order in limine excluding evidence, testimony, or mention of his potential illegal immigration status.  See Motion in Limine to Exclude Evidence of Defendant's Potential Illegal Immigration Status at 1.

## FEDERAL RULES OF EVIDENCE

Rule 402 provides, in part, that "[e]vidence which is not relevant is not admissible."  Rule 403 provides that, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the damage of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Relevant evidence is that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  Tanberg v. Shultis, 401 F.3d 1151, 1163 (10th Cir. 2005)(quoting Fed. R. Evid. 401).

## ANALYSIS

Pursuant to rule 402, the Court does not believe, at this stage of the proceedings, that evidence of Cruz-Barajas' potential illegal immigration status, if any, is relevant to the charges that the Redacted Superseding Indictment lists. Assuming that Cruz-Barajas' possible illegal immigration status is not relevant, rule 402 precludes its admission. The United States does not intend to introduce evidence of the defendant's illegal immigration status in its case-in-chief. See United States' Response to Defendant's Motion in *Limine* to Exclude Evidence of Defendant's Potential Illegal Immigration Status at 1, filed December 21, 2005 (Doc. 89).

Because the United States does not intend to introduce evidence of Cruz-Barajas' illegal immigration status in its case-in-chief, and because the Court does not think the evidence has much probative value, if any, the Court will grant the motion and, if the evidence becomes relevant for some reason, the United States should approach the bench before attempting to introduce evidence of his immigration status.

**IT IS ORDERED** that the Defendant Andres Cruz-Barajas' Motion in Limine to Exclude Evidence of Defendant's Potential Illegal Immigration Status is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Elaine Y. Ramirez
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

    *Attorney for Defendant Andres Cruz-Barajas*

Phillip P Medrano
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorneys for Sara Diega Delgado*