**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    No. CR  05-920 JB

SARA DIEGA DELGADO and
LEOBARDO MORALES-RAMIREZ,
a/k/a Leon Ramiro, a/k/a Lencho,
a/k/a Ramiro Leon, a/k/a Andres Cruz-Barajas,
a/k/a Andres Tavares-Cruz,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant Andres Cruz-Barajas' Motion

in Limine to Exclude Use of Aliases Attributed to Defendant, filed December 6, 2005 (Doc. 82).  The

primary issue is whether the Court should exclude, under rule 403 of the Federal Rules of Evidence,

evidence of Defendant Andres Cruz-Barajas' use of certain aliases.  Because the Defendant has not

shown that the potential risk of unfair prejudice substantially outweighs the evidence's probative

value, the Court will deny the motion as to the evidence of names that the United States wants to use

and grant the motion as to the evidence of names that the United States does not seek to introduce.

**FACTUAL BACKGROUND**

The United States represents the following to be the facts.  On March 29, 2005, DEA Special

Agent Kevin Small was at the Amtrak Train Station in Albuquerque, New Mexico when Amtrak

Train number 4 arrived from Los Angeles, California.  See United States Response to Defendant's

Motion in *Limine* to Exclude Use of Aliases Attributed to Defendant ("Response") at 1, filed

December 21, 2005 (Doc. 88). Small found a black Samsonite hard-sided suitcase, which was heavy and did not have a name on it, in the train's common luggage area. See id. Small walked the suitcase to the upper level and asked each person if the suitcase belonged to them. See id. No one asserted ownership. See id.

The Samsonite suitcase was taken to the lower level. See id. at 1-2. As passengers walked on to the train, Task Force Officer Greg Rees asked them if the suitcase belonged to them. See id. at 2. All passengers denied ownership to the suitcase. See id. One of these passengers was a female later identified as Sara Delgado, a co-Defendant in this case. See id.

A search of the suitcase resulted in the seizure of 5.80 gross kilograms of heroin. See id. The suitcase also contained women's clothing. See id.

Small identified himself to Delgado as a police officer and asked for permission to speak to her. See id. Based on Small's interview with Delgado and Delgado's consent to a search of her personal items, Small detained Delgado. See id. Delgado was transported to the Albuquerque District Office of the Drug Enforcement Administration. See id.

Small read Delgado her constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). See Response at 1. Delgado stated that she understood her rights and agreed to talk to Small. See id. Delgado said that she believed the suitcase contained methamphetamine. See id. Delgado stated that, when she arrived in Chicago, she was to deliver the suitcase, pick up $8,500.00, and transport the cash back to California. See id.

Delgado stated that she received the suitcase containing the heroin from her ex-boyfriend, whom she knows as "Lencho." Id. Lencho promised to pay Delgado $2,000.00 to deliver the suitcase to some of Lencho's "business associates" in Chicago. Id. Delgado said that Lencho picked

her up in his dark colored truck and gave her a ride to the Amtrak Train Station in Oceanside, California.  See id.  A camera at the train station recorded Delgado accompanied by the male she identified as Lencho, who was pulling the black Samsonite.  See id.

Delgado stated that Lencho purchased her Amtrak ticket with a credit card.  See id.  On March 29, 2005, Small reviewed the Amtrak Train reservation for Sara Delgado.  See id. at 2-3. Delgado's ticket was purchased with a Visa credit card, number 4217661346111826, bearing the name "Ramiro Leon."  Id. at 3.

Delgado cooperated with law enforcement and agreed to make recorded telephone calls to Lencho at (619) 248-0611.  See id.  Delgado identified the male voice as Lencho's voice.  See id. Additionally, Delgado received telephone calls from (213) 281-6065, which she stated was another telephone number for Lencho.  See id.  The subscriber name listed to telephone number (619) 248-0611 is Leobardo Morales.  See id.

On April 4, 2005, Delgado told Small that Lencho lived at 622 Billow Drive, San Diego, California.  See id.  On April 4, 2005, Delgado was shown California driver license photographs of two individuals who listed 622 Billow Drive, San Diego, California as their residence.  See id. Delgado identified the photograph of Leobardo Morales-Ramirez, with a date of birth of 03/09/1976 and California drivers license number D1083706, as the person she knows as Lencho.  See id.

On April 11, 2005, Small obtained a federal arrest warrant, 05M222.  See id.  Based on the California driver's license, the warrant was issued in the name of Leobardo Morales-Ramirez.  See id.  The warrant was executed at 622 Billow Drive, San Diego, California.  See id.  During a search of the residence, law enforcement officials located an abstract birth certificate and social security card in the name of "Leobardo Junior Morales."  Id.  Agents also recovered a receipt for a payment for

rent for 622 Billow Drive in the name of Leonardo Morales.  See id.  Agents also recovered Bank of America bank statements for an account belonging to Ramiro Leon.  See id.

A search of Cruz-Barajas' personal property was conducted.  See id. at 4.  Agents recovered a Mexican Matricula card in the name of Ramiro Leon-Sanchez, a Bank of America Visa Card, number 4217661346111826 in the name of Ramiro Leon, and Bank of America receipts.  See id.  Cruz-Barajas gave personal history information upon his arrest.  See id.  Cruz-Barajas indicated his name was Ramiro Leon-Sanchez and gave the names of various family members, all surnamed "Leon."  Id.

## PROCEDURAL BACKGROUND

On  July 12, 2005 a two-count Redacted Superseding Indictment was filed charging Cruz-Barajas with violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Over One (1) Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(A), Possession with the Intent to Distribute Over One (1) Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, and 18 U.S.C. § 2, Aiding and Abetting. See Redacted Superseding Indictment at 1-2.  In addition, the Redacted Superseding Indictment, which states the Defendant's name as "Leobardo Morales-Ramirez," also lists the names "Leon Ramiro," "Lencho," "Ramiro Leon," "Andres Cruz-Barajas," and "Andres Tavares-Cruz" as aliases attributed to the Defendant.  Id.

The United States maintains that, while before a Magistrate Judge in Albuquerque, Cruz-Barajas asserted that his true name is "Andres Cruz-Barajas."  Id.  The Honorable Robert Scott, United States Magistrate Judge, issued an order allowing the Immigration and Customs Enforcement officials to fingerprint Cruz-Barajas.  See id.; Order directing that Cruz-Barajas be Transported to

the Office of U.S.I.C.E. for Verification of his Identity Through Fingerprint Comparison at 1, filed June 21, 2006 (Doc. 23).  The United States contends that a fingerprint check revealed that Cruz-Barajas had been previously convicted in the State of California as "Andrae Barujas Cruz, a/k/a Andres Tavares Cruz." Response at 4.  The United States maintains that Cruz-Barajas' immigration file lists his name as Andres Cruz-Barajas.  See id.

The Defendant states to the Court that his correct name is Andres Cruz-Barajas.  See Motion in Limine to Exclude Use of Aliases Attributed to Defendant ("Motion in Limine to Exclude") ¶ 1, at 1.  Cruz-Barajas moves the Court, pursuant to rule 403 of the Federal Rules of Evidence, to exclude or otherwise restrict evidence, testimony, or mention of aliases attributed to him.  See id.  Cruz-Barajas objects on the grounds of potential unfair prejudice to the introduction of aliases attributed to him and specifically objects to the presentation or reading to the jury of the Indictment which lists the aliases.  See id. ¶ 3, at 3.  The United States represents that it does not seek to introduce evidence regarding use of the aliases, Leon Ramiro or Andres Tavares-Cruz.  See Response at 6.

## RULE 403 AND ALIASES

"[R]elevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the offense charged." United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001).  A defendant's use of an alias or aliases "to conceal his identity from law enforcement is relevant as proof of consciousness of guilt.  However, Fed. R. Evid. 403 counsels, even if relevant, the probative value of the evidence may be outweighed by its prejudicial effect."  United States v. Glass, 128 F.3d 1398, 1408 (10th Cir. 1997)(citations omitted).

Evidence that is relevant and offered for a proper purpose under rule 404(b)[1] must still survive the rule 403 balancing test to be admitted.  See United States v. Tan, 254 F.3d at 1211.  Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Unfair prejudice in the rule 403 context "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 advisory committee's note.  "The burden under Rule 403 is on the party opposing admission, who must show that the probative value is substantially outweighed by the danger of unfair prejudice."  United States v. Tse, 375 F.3d 148, 164 (1st Cir. 2004)(internal quotations omitted).

The Tenth Circuit "afford[s] trial courts broad discretion in making rulings under Rule 403." United States v. Ramirez, 63 F.3d 937, 943 (10th Cir. 1995)(citing United States v. Reddeck, 22 F.3d 1504, 1508 (10th Cir. 1994)).  Exclusion of evidence under rule 403, however, "is an extraordinary remedy and should be used sparingly."  United States v. Rodriguez, 192 F.3d 946, 949 (10th Cir. 1999)(quoting United States v. Roberts, 88 F.3d 872, 880 (10th Cir. 1996)).

The United States Court of Appeals for the Ninth Circuit in United States v. McInnis, 976 F.2d 1226 (9th Cir. 1992), determined that unfair prejudice occurs when evidence has an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional

---

[1] The United States at the hearing indicated that the use of the aliases is proper under rule 404(b).  See Transcript of Hearing at 7:16-18.  The Defendant does not argue that the evidence is not properly admitted under rule 404(b), but only that the use of the evidence does not pass the rule 403 balancing test.  The evidence is not admissible as propensity evidence, but rather as evidence of the Defendant's identity as the person who acted criminally, as well as the consciousness of the Defendant's guilt.

one.  See id. at 1231.  In United States v. McInnis, the defendant, who was convicted of use of force to interfere with housing rights on account of race and use of a firearm during a crime of violence, objected to the introduction of items bearing swastikas as unfairly prejudicial.  See id.  The defendant argued that swastikas evoke images of Nazi German atrocities of World War II and that this prejudice substantially outweighed the clear probative value of the evidence.  See id.  The Ninth Circuit rejected the defendant's argument and held that admission of the evidence was not unfairly prejudicial because it tended to establish racial animus, an element of the crime, and that the defendant had the intent to interfere with the victim's housing rights.  See id. at 1232.

## ANALYSIS

Cruz-Barajas now seeks to exclude the use of his numerous aliases.  Cruz-Barajas' sole argument is that the introduction of evidence that he has used numerous aliases in this alleged crime will be more prejudicial than probative.  The Court concludes, however, that the potential risk of unfair prejudice does not substantially outweigh the evidence's relevance.

## I.    CRUZ-BARAJAS' USE OF ALIASES IS RELEVANT.

Cruz-Barajas used three separate identities in furtherance of his criminal objectives: (i) Leobardo Morales-Ramirez; (ii) Ramiro Leon; and (iii) Andres Cruz-Barajas.  The fourth alias, Lencho, is a nickname that the Defendant and a former girlfriend used.  Each name is relevant to the United States' case.  The use of the first three alias demonstrates consciousness of guilt, and all four aliases are relevant to the Defendant's identity as linked to the criminal conduct at issue.

Cruz-Barajas concedes that the evidence of aliases is potentially relevant to the charges against him.  See Motion in Limine to Exclude 3-4.  Specifically, Cruz-Barajas' possible use of aliases is potentially relevant to the charges against him under rules 401 and 402.  Thus, Cruz-Barajas must

show that the risk of potential unfair prejudice substantially outweighs this probative value.

## II.   THE UNITED STATES' INTRODUCTION OF ALIASES IS NOT UNFAIR PREJUDICE.

Cruz-Barajas used a credit card in the name "Ramiro Leon" to purchase the Amtrak train ticket for Delgado.  Additionally, upon his arrest and upon the search of his residence, Cruz-Barajas was in possession of a Mexican Matricula card bearing his photograph, but bearing the name of Ramiro Leon.  Cruz-Barajas was also found to be in possession of various Bank of America documents addressed to Ramiro Leon at the Billow address.  Use of this alias is relevant evidence that is not unduly prejudicial.  The evidence of the use of the alias is an integral part of the United States case to show that Cruz-Barajas purchased the train ticket for Delgado, and that Cruz-Barajas is the person she identified as living at 622 Billow Drive.  The name Ramiro Leon on the credit card that purchased the train ticket, on documents addressed to Ramiro Leon at 622 Billow Drive, as well as the Mexican Matricula card, all show that Cruz-Barajas was the same person who purchased the train ticket and who was identified by Delgado as living at 622 Billow.

Delgado identified the Defendant to DEA agents as "Lencho."  Delgado has identified Lencho to be a nickname for her former boyfriend.  Delgado stated that her ex-boyfriend, whom she knows as Lencho, gave her the suitcase containing the heroin, promised to pay her $2,000.00 to deliver the suitcase to his associates, picked her up in his truck and gave her a ride to the train station, and the camera at the train station recorded Delgado accompanied by the male she identified as Lencho.  Delgado also stated that Lencho purchased her train ticket.  She cooperated with law enforcement, and made calls to and received calls from Lencho.  She informed law enforcement that Lencho lived at 622 Billow Drive, San Diego, California.  The United States asserts that this name is not an alias

in the true sense, as it is more of a nickname between a romantic couple.  In any case, the evidence is part and parcel of the story that the United States has to tell to show that Cruz-Barajas, identified by Delgado as Lencho, participated in the actions to which Delgado will testify, and use of the nickname is not unduly prejudicial.  The nickname links Cruz-Barajas to all of the actions that Delgado indicated Lencho had done.

Delgado identified Cruz-Barajas to law enforcement by a photograph on a driver's licence. The identified photograph is the photograph on the California driver's license bearing the name "Leobardo Morales-Ramirez," and also bearing the Billow address.  Further, upon searching Cruz-Barajas' residence, he was found to be in possession of an abstract birth certificate and social security card bearing the name "Leobardo Junior Morales."   Additionally, Leobardo Morales subscribes to the telephone number that Delgado provided as Lencho's telephone number.  Again, this evidence is important to the United States' case to identify Cruz-Barajas as the person Delgado identified in the driver's licence with the 622 Billow address, and the person to whom Delgado made the cooperative telephone calls.  Use of this alias is not unduly prejudicial.

The Defendant now asserts that he is Andres Cruz-Barajas.  As the Defendant contends this name to be his identity, use of this name at trial is not unduly prejudicial.

It is true that the introduction of evidence about aliases attributed to Cruz-Barajas may have some prejudicial effect.  Cruz-Barajas relies on <u>United States v. McInnis</u>, 976 F.2d at 1373, to support his argument.  <u>United States v. McInnis</u> does not support Cruz-Barajas' argument.  In <u>United v. McInnis</u>, the Ninth Circuit held that introduction of items bearing swastikas in a case involving use of force to interfere with housing rights on account of race was not unfairly prejudicial because it tended to show an element of the crime, racial animus, and the intent to interfere with the victim's

housing rights.  See id.  The evidence of aliases here is also relevant to show the identity of Cruz-Barajas as the person who, among other things, purchased the train ticket for Delgado, gave the suitcase containing the Heroin to Delgado, and directed her to take it to his associates.  The Court fails to see how the introduction of aliases is unfairly prejudicial to identify the Defendant in his criminal acts, where the introduction of swastikas was not.

While the Court recognizes that there is a risk of prejudice, it does not think that risk of unfair prejudice is great.  Under rule 403, any risk of unfair prejudice against Cruz-Barajas will not substantially outweigh the probative value of the evidence of aliases.  See United States v. Scarborough, 128 F.3d 1373, 1380 (10th Cir. 1997)(finding that because "licenses were relevant to linking defendant to the crime," the district court did not abuse its discretion in admitting driver's licenses with defendant's alias).  Therefore, the Court finds that evidence, testimony, or mention of the aliases, or the reading or presentation of the Indictment to the jury, will not unfairly prejudice the jury against Cruz-Barajas.[2]

**IT IS ORDERED** that the Defendant's Motion in Limine to Exclude Use of Aliases Attributed to Defendant is denied in part and granted in part.  The motion is denied as to the introduction of evidence of the use of the names Leobardo Morales-Ramirez, Ramiro Leon, Lencho, and Andres Cruz-Barajas, and the Court will not exclude or otherwise restrict evidence, testimony, or mention of these aliases attributed to Defendant Andres Cruz-Barajas.  The Court will grant the motion as to evidence about the use of the names Leon Ramiro and Andres Tavares-Cruz.

---

[2] When using the Indictment, the Court and parties will redact and not read the names Leon Ramiro and Andres Tavares-Cruz.

-10-

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
    United States Attorney
Elaine Y. Ramirez
    Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

        *Attorney for the Defendant Andres Cruz-Barajas*

Philip P. Medrano
Federal Pubic Defender's Office
Albuquerque, New Mexico

        *Attorney for Sara Diega Delgado*