IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                   No. CR 05-0920 JB

LEOBARDO MORALES-RAMIREZ,
a/k./a Leon Ramiro, a/k/a Lencho,
a/k/a Ramiro Leon, a/k/a Andres Cruz-Barajas,
a/k/a Andres Tavares-Cruz,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Enhancement Information Filed Pursuant to 21 U.S.C. § 851, filed October 28, 2005 (Doc. 73); and (ii) Defendant's Response to 21 U.S.C. § 851 Information, filed July 13, 2006 (Doc. 146). The Court held a sentencing hearing on this on July 13, 2006 and on August 10, 2006. The primary issue is whether the United States has shown that Defendant Andres Cruz-Barajas committed a prior drug trafficking felony and thus faces a mandatory minimum sentence of twenty years. Because the United States has presented the Court with a copy of the state judgment and conviction, and has linked, by reliable expert testimony, such conviction to Cruz-Barajas, the Court finds that the United States has shown beyond a reasonable doubt that Cruz-Barajas committed the prior drug trafficking felony.

## PROCEDURAL BACKGROUND

    1.    **Enhancement Information.**

A grand jury charged Cruz-Barajas with violations of Title 21, United States Code, §§ 846, 841(a)(1), and 841(b)(1)(A): Possession with intent to distribute one Kilogram and more of a mixture

and substance containing a detectable amount of Heroin; Conspiracy to Possess with intent to distribute One Kilogram and more of a mixture and substance containing a detectable amount of Heroin; and Aiding and Abetting, 18 U.S.C. § 2. See Redacted Superceding Indictment at 1, filed July 12, 2005 (Doc. 31). On October 28, 2005, the United States Attorney for the District of New Mexico informed Cruz-Barajas that he had reason to believe that, if convicted of that charge, he would be eligible for the imposition of sentence under the enhanced penalty provisions of § 841(b)(A)(viii) of Title 21, United States Code. See Enhancement Information Filed Pursuant to 21 U.S.C. § 851 at 1. The United States stated that Cruz-Barajas is eligible for imposition of sentence under the enhanced penalty provisions of § 841(b)(1)(A)(viii) of Title 21, United States Code, because he has at least one prior conviction for a felony drug offense that has become final. See id. at 2.

In support of this charge, the United States stated that the following prior conviction for a felony drug offense is sufficient to invoke the enhanced sentence provisions of § 841(b)(1)(A) of Title 21, United States Code:

> On or about April 9, 2001, the Defendant was convicted and sentenced for the offense of Solicitation of a Minor to Use or Sell a Controlled Substance, in the Superior Court of the State of California, County of San Diego, Case No SCD n155540. He was sentenced to six years with credit for 195 actual days plus 96 days of PC 4019 credits, for a total of 291 days.

Id. at 2. The United States stated that it would rely on this conviction for a felony drug crime to invoke the enhanced penalty provisions of § 841(b)(1)(A)(viii) of Title 21, United States Code. See id. The United States attached to its Enhancement Information a copy of this prior conviction.

The United States further stated that, if Cruz-Barajas were convicted of conspiracy to possess with intent to distribute one kilogram of a mixture and substance containing a detectable amount of

Heroin; or possession with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of Heroin; and/or aiding and abetting, he would be eligible for the enhanced penalty provisions of § 841(b)(1)(A) of Title 21, United States Code, which provides a mandatory minimum term of twenty years up to life imprisonment without release, a fine not to exceed the greater of twice that authorized in accordance with Title 18 or $8,000,000.00. See id. at 3. In conclusion, the United States asked the Court, if Cruz-Barajas were convicted of Conspiracy to possess with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of Heroin, or Possession with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of Heroin; and/or aiding and abetting, as alleged in CR 05-0920 JB, to sentence his sentence to a mandatory term of twenty years up to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with Title 18, or $8,000,000.00, all as provided for in Title 21, United States Code, § 851. See id.

**2.    Trial, Conviction, and PSR.**

On February 15, 2006, a jury found Cruz-Barajas guilty of both counts of the Redacted Superseding Indictment. See Verdict (Doc. 125).

On April 21, 2006, the United States Probation Office issued its Presentence Investigation Report. See Presentence Investigative Report ("PSR") at 2. In paragraph 29, which deals with Specific Offense Characteristic, Probation stated that, pursuant to Guideline Section 2D1.1(b)(9), "if the defendant meets the criteria set forth in Guideline Section 5C1.2(1)-(5), limitation on applicability of statutory minimum sentences in certain cases," the Court should decrease by two levels. PSR ¶ 29, at 8. Probation stated that Cruz-Barajas did not meet the criteria set forth in § 5C1.2(1)-(5), because he has more than one criminal history point. See id. Probation thus did not apply the two-

level reduction. See id.

The PSR described one adult criminal conviction and, under Guideline § 4A1.1(a), assigned Cruz-Barajas three points for the conviction. See id. ¶ 37, at 9. Cruz-Barajas was arrested on September 27, 2000 at the age of 24, and convicted of Solicitation of Minor to Use or Sell a Controlled Substance (felony) in San Diego County Superior Court in San Diego, California, Case No SCD155540. See id. He was sentenced on April 9, 2001 to six years imprisonment, but released on parole on April 28, 2004. See PSR ¶ 37, at 9-10. He was released to an ICE detainer, and on June 4, 2004, deported to Mexico. See id. He was discharged from parole on May 28, 2005. See id.

Probation also stated that court records indicate that counsel represented Cruz-Barajas in the state matter. See id. at 10. Probation asserts that additional charges -- of Sell/Furnish Controlled Substances, 28.5 grams of Methamphetamine, Transport of Controlled Substances and Possession for Sale of a Controlled Substance, 28.5 grams of Methamphetamine -- were dismissed pursuant to a plea agreement. See id. The defendant was charged under the alias, Andrae Barajas Cruz, a.k.a.: Andres Tavares Cruz, date of birth May 29, 1973. See id.

The PSR described the crime as follows:

According to the offense report prepared by the State of California, Department of Justice, Bureau of Narcotic Enforcement, on September 27, 2000, agents working in an undercover capacity received a phone call from an individual who advised he and his friend, Andres Tavares Cruz were ready to sell them six pounds of methamphetamine which had been requested the prior day. The individual called the agent back later and advised Tavares Cruz only had three pounds available. The agent asked if he could obtain the full six pounds before they met. The call was terminated. The individual called back later, advising he could get four pounds of methamphetamine and later get two additional pounds, but that the additional two pounds would be poor quality. The agent asked what he meant by poor quality, and the individual gave the phone to Tavares Cruz, who advised the agent he did not want

> to sell him poor quality drugs. The agent asked Tavares Cruz the amount due for the methamphetamine and Tavares Cruz stated the price was $5,500 per pound.
>
> The agents met the two individuals, identified as Rodolfo Casillas Rubalcaba and Andres Tavares Cruz at a McDonald's parking lot. As the agent pulled up to the defendant's vehicle, he told them to park on the other side of the McDonald's. Tavares Cruz advised the methamphetamine was inside the restaurant and the agent requested to look at the drugs in his vehicle. An individual came out of the restaurant and was later identified as Samuel Barajas and approached the agent. Barajas handed the agent a backpack and stated "it" was in the bag. The agent entered his car and opened the bag, observing four packages wrapped in clear plastic, containing an off-white substance which resembled methamphetamine. The agent advised he would retrieve the money from his vehicle, and while walking towards the vehicle, gave the arrest signal. The three individuals were taken into custody and located in the back along side the methamphetamine were school books belonging to Samuel Barajas. Samuel Barajas was age 15 at the time, with a date of birth of January 8, 1984.

Id. In paragraph 58, the PSR sets forth the statutory provisions for custody. See id. ¶ 58, at 14. As to Counts 1 and 2, a minimum of twenty years and a maximum of life imprisonment is applicable in this case, 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. See id.

In paragraph 59, the PSR sets forth the Guideline Provisions. See id. ¶ 59, at 15. As to Count 1 and 2, based on the total offense level of 36, and a criminal history category of III, the guideline imprisonment range is 235 to 293 months. Because the statutes of conviction in this case require a minimum term of twenty years imprisonment, the guideline imprisonment range is 240 to 293 months. See id.

### 3. Barajas-Cruz' Response.

The Court set a hearing for July 13, 2006. On July 13, 2006, Cruz-Barajas filed his Response to 21 U.S.C. § 851 Information. See Defendant's Response to 21 U.S.C. § 851 Information. Cruz-Barajas gives notice to the Court and to counsel for the United States that, pursuant to § 851(c), he denies the allegation set forth in the § 851 notice. See id. at 1-2. Cruz-Barajas also states, however,

that if the Court should sustain the prior felony drug conviction, as alleged in the Information, based upon his conviction in the matter pursuant to 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Over One Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), Possession with Intent to Distribute Over One Kilogram of a Mixture and Substance Containing a Detectable Amount of Heroin, then the Court would be bound to impose an enhanced sentence of not less than 240 months. See id. at 2.

### 4. Sentencing Hearing.

At the July 13, 2006 sentencing hearing, the United States submitted a certified copy of its attachment to the Information. Government Exhibit 1 is not labeled, but appears to be a judgment of conviction. See Government Exhibit 1 at 1 (dated April 9, 2001 and certified September 21, 2005); Transcript of Hearing at 12:19-13:5 (taken July 13, 2006)(Kevin Small).[1] It lists the name of the court at the top, gives the case number -- 155540, states the judge's name, has a case caption, states the counsel, provides the violations, and the sentence. See Government Exhibit 1 at 1. It is also signed by the Judge of the Superior Court. See id. The United States attached to the judgment of conviction a certified copy of the "charge summary" and "charges." The bottom of each page listing the charge summary and the charges lists the same case number -- 155540 -- that is found on the judgment of conviction.

The United States also submitted a certified "pin packet" that contains fingerprints taken of the defendant in the case number 155540, as well as a picture of the defendant in that case. See Government Exhibit 3 at 8-9; Transcript of Hearing at 13:7-15:1 (Small). The United States further

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

submitted testimony that Andres Cruz-Barajas was transferred to the District of New Mexico in this case on June 16, 2006 and that his fingerprints were taken at that time. See Transcript of Hearing at 5:5-10:15 (taken July 13, 2006)(Javier Ribas)(confirming that Defendant was fingerprinted on June 16, 2006). Finally, the United States presented evidence that the fingerprints of Andres Cruz-Barajas from Government Exhibit 2 matched the fingerprints of the defendant in case number 155540 from the certified pin packet. See Fingerprint Card, Government Exhibit 2; Transcript of Hearing at 15:2-17:22 (Small), 26:17-36:13 (Joe Foster); Government Exhibit 4, Criminalistics Latent Report.

## 21 U.S.C. § 851(b)-(c)

Section 851(b) requires the Court, before pronouncing sentence, to inquire of the defendant whether he affirms or denies that he has previously been convicted as alleged in the Information. See 21 U.S.C. § 851(b). Andres Cruz-Barajas has given notice to the Court of his denial of the conviction. See Defendant's Response to 21 U.S.C. § 851 Information at 1-2. 21 U.S.C. § 851(c) provides in relevant part: "The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact."

## LAW REGARDING DETERMINING EXISTENCE OF PRIOR CONVICTION FOR PURPOSES OF ARRIVING GUIDELINE SENTENCE

"In seeking a sentencing enhancement for a prior conviction or sentence, the government has the burden of showing its existence; the burden then shifts to the defendant to show the conviction or sentence was invalid or otherwise improperly considered." United States v. Pham, 78 Fed. Appx. 86, 90 (10th Cir. 2003)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)). "While § 851 provides a procedure for a defendant to contest a prior conviction, the burden to prove the

prior conviction by a preponderance of the evidence remains with the government." United States v. Wilson, No. 05-1275, 2006 U.S. App. LEXIS 14717, at *28-29 (June 13, 2006)(citation omitted).

"[A] certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for this sentencing purpose." United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996)(citing United States v. Dickens, 879 F.2d 410 (8th Cir. 1989)).

## ANALYSIS

Cruz-Barajas has not presented any evidence showing an issue of fact, except that he has denied that he is the same defendant in the prior conviction. The Court does not believe that Cruz-Barajas' blanket denial creates an issue of fact concerning the prior conviction, and therefore the United States' burden to prove any issue of fact beyond a reasonable doubt is not applicable. See 21 U.S.C. § 851(c)("The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact."). According to United States v. Wilson, 2006 U.S. App. LEXIS 14717, at *28-29, the United States' burden to show the prior conviction is by a preponderance of the evidence. See United States v. Wilson, 2006 U.S. App. LEXIS 14717, at *28-29 ("While § 851 provides a procedure for a defendant to contest a prior conviction, the burden to prove the prior conviction by a preponderance of the evidence remains with the government."). Even if, however, Cruz-Barajas raises an issue of fact, the Court concludes, whether the burden is by a preponderance of the evidence or beyond a reasonable doubt, that the United States has proved, beyond a reasonable doubt, the existence of the prior conviction, and that Cruz-Barajas was the defendant in the prior conviction. The United States has shown that

the fingerprints in both cases belong to the same person, and the picture provided in the pin packet appears to be a picture of Cruz-Barajas, further confirming the prior conviction.

**IT IS ORDERED** that the United States has shown beyond a reasonable doubt that Cruz-Barajas committed the prior drug trafficking felony.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

    *Attorney for the Defendant*